UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

SHEILA F. CRAAN,

                          Plaintiff,

           - against -

AUSTRALIAN UNITED STATES
SERVICES IN EDUCATION, INC.,

                         Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**MEMORANDUM AND ORDER**
05-CV-5681 (DRH) (ETB)

**A P P E A R A N C E S :**

**For the Plaintiff:**
**Frank & Associates, P.C.**
500 Bi-County Boulevard, Suite 112N
Farmingdale, New York 11735
By: Jennifer L. Mazzo, Esq.
     Neil M. Frank, Esq.

**For the Defendant:**
**Sesti + Associates PC**
747 Third Avenue
New York, New York 10017
By: Robert A. Sesti, Esq.

**HURLEY, Senior District Judge:**

### *INTRODUCTION*

         Plaintiff Sheila Craan ("Plaintiff") brings this action pursuant to the Americans

with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq. and the New York State

Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296 et seq., alleging that defendant

Australian United States Services in Education, Inc. ("Defendant") unlawfully discriminated

against her on the basis of disability when it terminated her employment.  Defendant moves for

summary judgment pursuant to Federal Rule of Civil Procedure ("FRCP") 56.  On December 7,

2007, the Court referred Defendant's motion to Magistrate Judge E. Thomas Boyle for a Report

and Recommendation.  On January 29, 2008, Judge Boyle issued a Report and Recommendation

(the "Report") that: (1) Defendant's motion be granted with respect to Plaintiff's ADA claim

and; (2) the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining

NYSHRL cause of action.  Both parties have filed timely objections.  For the reasons stated

below, the Court adopts the Report in its entirety.

## *DISCUSSION*

### I.    *Standard of Review*

FRCP 72(b) provides that when a magistrate judge issues a report and

recommendation on a matter "dispositive of a claim or defense of a party," the district court

judge shall make a de novo determination of any portion of the magistrate judge's disposition to

which specific written objection has been made.  Fed. R. Civ. P. 72(b).  Accordingly, the Court

applies de novo review to Defendants' objections.  *See id.*

### II.    *The Report is Adopted*

In his Report, Judge Boyle recommended that Plaintiff's ADA claim be dismissed

due to Plaintiff's failure to raise a genuine issue of material fact that Defendant was an

"employer" subject to the ADA.  In essence, Judge Boyle found that Defendant proffered

evidence that it had not employed fifteen or more employees for each working day for twenty or

more calendar weeks during either 2003 or 2004, the years Plaintiff worked for Defendant, *see*

42 U.S.C. § 12111(5)(A) (defining "employer"), and that Plaintiff failed to present rebuttal

evidence sufficient to create a material question of fact on this issue.  Having found that

Plaintiff's ADA claim failed as a matter of law, Judge Boyle further recommended that the Court

decline to exercise supplemental jurisdiction over Plaintiff's NYSHRL claim.

Defendant objects to that portion of the Report pertaining to the NYSHRL claim, arguing that based on judicial economy and the "close relationship" between Plaintiff's federal and state claims, the Court should retain supplemental jurisdiction over Plaintiff's state law claim. Plaintiff objects to the Report in its entirety, asserting that genuine issues of triable fact remain with regard to all of her claims.

Upon a de novo review of the record, the Court adopts Judge Boyle's Report in its entirety. In doing so, the Court finds that: (1) Plaintiff has failed to raise a genuine issue of material fact with regard to Defendant's status as an "employer" under the ADA; and (2) because resolving the state law claim "would entail resolving additional issues of fact," viz. whether Plaintiff was disabled under the NYSHRL, this Court should decline to exercise supplemental jurisdiction over that claim. *See N.Y. Mercantile Exch., Inc. v. Intercontinental Exch., Inc.*, 497 F.3d 109, 119 (2d Cir. 2007).

### *CONCLUSION*

The Court adopts Magistrate Judge Boyle's January 29, 2008 Report and Recommendation in its entirety. Accordingly, Defendant's motion for summary judgment (docket no. 14) is granted. Upon entry of judgment, the Clerk is directed to close this case.

**SO ORDERED.**

Dated:   Central Islip, New York
      March 24, 2008                    /s/_____
                                        Denis R. Hurley,
                                        United States District Judge